[S. F. No. 1587.  In Bank.—September 6, 1898.]

CITY OF LOS ANGELES, Petitioner, v. C. H. HANCE, City Clerk, etc., Respondent.

CONSTITUTIONAL LAW—TITLE OF ACT—CITY INDEBTEDNESS—INVALID REPEAL.—Under section 24 of article IV of the constitution, which makes void any part of an act the subject of which is not expressed in its title, section 4 of the act of March 9, 1897 (Stats. 1897, p. 75), the title of which provides only for the refunding of the indebtedness of cities other than those of the first class, and the issuance and payment of bonds therefor, cannot operate as a valid repeal of section 6 of the act of March 19, 1889 (Stats. 1889, p. 399), "authorizing the incurring of indebtedness by cities, towns, and municipal corporations," as amended by the act of March 1, 1893 (Stats. 1893, p. 61), the subject of the repealing act, as expressed in its title, being entirely foreign to the subject of the section attempted to be repealed.

ID.—IMPROVEMENT BONDS—MANDAMUS.—Mandamus will lie to compel the city clerk of the city of Los Angeles to countersign authorized improvement bonds of the city pursuant to section 6 of the act of March 19, 1889, as amended in 1893.

PETITION for writ of mandate from the Supreme Court to the City Clerk of the City of Los Angeles.

The facts are stated in the opinion of the court.

W. E. Dunn, for Petitioner.

Lee & Scott, for Respondent.

BEATTY, C. J.—This is an original proceeding by *mandamus* to compel the city clerk of Los Angeles to countersign certain improvement bonds of that city which he has hitherto refused to sign, upon the sole ground that section 6 of the act of March 19, 1889, entitled "An act authorizing the incurring of indebtedness by cities, towns, and municipal corporations," etc. (Stats. 1889, p. 399), as amended by act of March 1, 1893 (Stats. 1893, p. 61), has been repealed by the act of March 9, 1897 (Stats. 1897, p. 399).

The case has been submitted upon demurrer to the petition, and it is conceded by counsel for respondent that it is his duty to countersign the bonds if section 6 of the act of 1889, as amended in 1893, has not been repealed by the act of 1897. In view of this admission we confine ourselves to the single question here stated, and if there are any other questions which might arise upon the facts alleged in the petition we do not decide them.

The title of the act of March 9, 1897 (Stats. 1897, p. 75), is as follows: "An act authorizing the common council, board of trustees, or other governing body of any incorporated city or town, other than cities of the first class, to refund its indebtedness, to issue bonds therefor, and to provide for the payment of the same."

The provisions of the act seem to be generally such as are germane to its title, but section 4, which purports to repeal conflicting laws, enumerates, among others, chapter 48 of the statutes of 1893. Chapter 48 of the statutes of 1893 is the act of March 1st, amending section 6 of the act of March 19, 1889.

The subject of the repealing act as expressed in its title is entirely foreign to the subject of the section attempted to be repealed, and the question to be determined is, whether an act or part of an act can be repealed when the title of the repealing act announces no such intention, and when the repeal of the exist-

ing law would have no effect one way or another upon the operation of the new law.

We think it very clear in such a case no repeal is effected, because the repealing clause is in conflict with that part of section 24 of article IV of the constitution, which reads as follows: "Every act shall embrace but one subject, which shall be expressed in its title.   But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title."

Our conclusion is, that section 6 of the act of 1893 remains in force, and that the writ of mandate should issue as prayed.

It is so ordered.

McFarland, J., Van Fleet, J., Garoutte, J., and Harrison, J., concurred.